UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ETHAN BARNETT,                          :
                                        :
             Plaintiff,                 :
                                        :
      v.                                :      **MEMORANDUM & ORDER**
                                        :      21-CV-698 (WFK)
COMMISSIONER OF SOCIAL                   :
SECURITY,                               :
                                        :
             Defendant.                 :
--------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**: Plaintiff Ethan Barnett, proceeding
*pro se*, seeks judicial review of the Commissioner of Social Security's denial of his application
for Supplemental Security Income ("SSI") benefits.  Before the Court is the Commissioner's
unopposed motion for remand.  For the reasons below, the motion is granted.

## BACKGROUND

Because the Commissioner's motion is unopposed, the Court adopts the facts set forth in

the Commissioner's motion as if set forth fully herein and will recite them only as relevant to this

Memorandum and Order.  *See Rosado v. Comm'r of Soc. Sec.*, No. 17-CV-2035 (PKC), 2018 U.S.

Dist. LEXIS 82680, at *6 (E.D.N.Y. May 16, 2018) (Chen, J.) (citing *Jackson v. Fed. Exp.*, 766

F.3d 189, 197 (2d Cir. 2014)).

### I.     Factual Background

Plaintiff has a history of mental illness and substance abuse.  *See* Tr. 24-25, 27-28, 31.[1]

After two years of college, he worked as a legal secretary in a law firm until 2007.  Tr. 295, 317.

Around 2016, Plaintiff reported living in a homeless shelter.  Tr. 299.  On April 11, 2018, Plaintiff

filed an application for SSI benefits, alleging he was disabled due to depression and anxiety since

January 1, 2016.  Tr. 63, 159.

---

[1]      All references to "Tr." refer to the Administrative Transcript.  *See* Tr., ECF No. 18.

## II.    Medical Evidence Before the ALJ

Prior to the alleged onset date, Plaintiff received treatment and counseling for substance abuse.  Tr. 382, 459-642.  These therapy sessions continued after the alleged onset date.  Tr. 459-642.  Plaintiff was examined in 2015, during which he exhibited abnormal mood and anxiety, but had appropriate speech, appearance, orientation, and thought process.  Tr. 393-94, 397-98, 402-03, 407-08.  In March and August of 2016, Plaintiff's primary care provider performed a psychological examination and determined Plaintiff was alert, in no acute distress, and "grossly oriented to person, place, and time."  Tr. 330, 335.

Plaintiff received a biopsychosocial assessment in April 2017, during which he stated he was receiving medication but suffered from stress.  Tr. 300-02.

In April 2017, Plaintiff was treated by Jesus Evangelista, M.D.  Tr. 298, 311-12.  Dr. Evangelista opined Plaintiff did not suffer any noticeable physical limitations but showed symptoms of depression and stress.  Tr. 302, 312-13.  Dr. Evangelista also stated he believed Plaintiff had emotional limitations but no limitations on cognitive or interpersonal abilities.  Tr. 312-13.  He indicated Plaintiff would need frequent breaks, a low-stress environment, a job coach, and positive reinforcement.  Tr. 313.

Plaintiff also met with Pedro Gaztanaga, M.D., in October 2017.  Tr. 383.  Dr. Gaztanaga opined Plaintiff had stable mood but was unable to cope with even low levels of stress.  *Id*.  Dr. Gaztanaga concluded Plaintiff was "unemployable" and "unlikely to be able to participate in work-related activities for at least 12 months."  *Id.*  That same month, Eric Guy, Plaintiff's social worker, also opined that employment would undermine Plaintiff's progress during a critical time in his treatment.  Tr. 384.

On July 22, 2018, Dr. Ram Ravi, an internal medicine consultative examiner, opined that Plaintiff was not limited in his ability to sit, stand, bend, push, pull, lift, or carry.  Tr. 362.

Plaintiff received a consultative psychiatric evaluation from John Laurence Miller, Ph.D., in July 2018.  Tr. 366-70.  During his examination, Plaintiff related he was unable to work due to "personal hardship" and because his employers were "too picky."  Tr. 366.  Plaintiff also reported abusing alcohol from 2010 through 2018.  Tr. 367.  He stated he was able to dress, bathe, groom, cook, clean, do laundry, and shop.  Tr. 368.  Dr. Miller noted Plaintiff exhibited defensive demeanor and poor eye contact during his examination.  Tr. 367.  Plaintiff appeared to be agitated, anxious, and emotionally distressed but otherwise had intact memory skills and normal cognitive functioning, insight, and judgment.  Tr. 368.  Based on his interview and findings, Dr. Miller opined that Plaintiff's drinking problem had been primarily responsible for his inability to find and maintain a job.  Tr. 368.

In August 2018, Dr. S. Putcha, a state agency medical consultant, determined Plaintiff was limited to a range of medium work and could perform postural tasks frequently.  Tr. 71-72.  M. Juriga, Ph.D., a state agency psychological consultant, found Plaintiff had moderate limitations on attention and concentration, completing a normal workday, interacting with others and maintaining socially appropriate behavior, responding to change, and setting realistic goals.  Tr. 73-74.

In September 2019, Dani York, Plaintiff's therapist, opined Plaintiff was unable to commit to employment.  Tr. 371-82.

### III.    The ALJ's Decision

#### a.    Applicable Standards

In evaluating disability claims, the ALJ must apply a five-step inquiry.  If the claimant is "found to be disabled (or not) at any step, the [ALJ] is not required to proceed to the next step."

*Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir. 1999) (citing 20 C.F.R.§ 404.1520(a)).  To begin, the ALJ must determine if the claimant is currently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the answer is yes, the ALJ must then determine if the claimant suffers from a severe impairment. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment is "severe" when it "significantly limit[s] [the claimant's] physical or mental ability to do basic work activities."  *Id.* §§ 404.1522(a), 416.922(a).  If the claimant suffers from an impairment or combination of impairments that is severe, the ALJ must proceed to step three and consider whether the impairment meets or medically equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant suffers from one of the listed impairments, the ALJ must find the claimant is disabled.  But if the claimant does not have a listed impairment, the ALJ must then determine the claimant's residual functional capacity ("RFC") before proceeding to step four.

In determining the claimant's RFC, the ALJ must consider the "impairment(s), and any related symptoms, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." *Id* §§ 404.1545(a)(1), 416.945(a)(1).  The ALJ then must use the RFC finding in step four to determine if the claimant can return to past relevant work.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant cannot return to past relevant work, the ALJ must proceed to step five and determine if the claimant, based on his RFC, age, education, and work experience, has the capacity to perform other substantial gainful work in the national economy.  *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the answer is no, the claimant is disabled and is entitled to benefits under the Social Security Act.  *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The burden of proof for this analysis lies with the claimant for the first four steps but shifts to the Commissioner for the final step. *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999). The Commissioner has an affirmative duty to "fully develop[] the factual record"; failure to do so constitutes legal error. *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999).

      b.  <u>The ALJ's Decision</u>

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity. Tr. 19. At step two, the ALJ found Plaintiff suffered from three severe impairments: hypertension, depressive disorder, and anxiety disorder. *Id*. At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of a listed impairment. Tr. 20.

The ALJ then evaluated the medical evidence and assessed Plaintiff's RFC and found Plaintiff was limited to a range of medium work with frequent postural limitations. Tr. 23. She also determined Plaintiff was limited to performing simple, routine, and repetitive tasks, but not at a productive pace. *Id*. The ALJ also found Plaintiff was limited to making simple work-related decisions and could occasionally interact with supervisors, coworkers, and the public. *Id*.

At step four, the ALJ concluded Plaintiff did not have past relevant work. Tr. 33. At step five, the ALJ found Plaintiff could perform other work in the national economy, including work as a hand packager, laundry worker, or laboratory equipment cleaner. *Id*. Because Plaintiff could perform other work in the national economy, the ALJ found Plaintiff was not disabled from April 11, 2018, the date of his application, through January 30, 2020, the date of the decision. Tr. 33-34.

Plaintiff appealed the ALJ's determination to the Appeals Council. On December 1, 2020, the Appeals Council denied Plaintiff's request for review. *Id*. at 1.

IV.     **Procedural History**

Plaintiff commenced this action on February 8, 2021, seeking reversal or remand of the ALJ's decision.  *See generally* Compl., ECF No. 1.   That same day, Plaintiff moved to proceed *in forma pauperis*, which the Court denied on February 18, 2021.  *See* Order, ECF No. 4.  In a letter dated November 19, 2021, the Commissioner indicated it intended to stipulate with Plaintiff to file a motion to remand the ALJ's decision to the Social Security Administration ("SSA") for further proceedings.  Nov. 19, 2021 Ltr., ECF No. 13.  When Plaintiff failed to respond or oppose the motion, the Court directed the Commissioner to file the motion.  *See* Order, ECF No. 15.  On August 19, 2022, the Commissioner filed an unopposed motion to remand the case to the SSA. *See* Mot., ECF No. 17.

## DISCUSSION

I.     **Legal Standard**

In reviewing the final decision of the Commissioner, a district court may enter "judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Remand is appropriate where "there are gaps in the administrative record or the ALJ has applied an improper legal standard," *Callahan*, 168 F.3d at 82-83, or where the ALJ "failed to provide a full and fair hearing."  *Staib v. Colvin*, 254 F. Supp. 3d 405, 408 (E.D.N.Y. 2017) (Spatt, J.) (citations omitted).

The court must also consider whether "there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Brault v. SSA*, 683 F.3d 443, 447 (2d Cir. 2012) (citation omitted).  The substantial evidence standard is "very deferential." *Id.*  It requires "more than a mere scintilla" and calls for "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).  If the court finds there is substantial evidence

to support the Commissioner's determination, the decision must be upheld, "even if [the court] might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991).

## II.   Application

The Commissioner moves the Court to remand this action for further proceedings because the ALJ failed to adequately explain how she considered the supportability and consistency of the medical opinions in determining the RFC.  For the reasons below, the Court agrees with the Commissioner and finds remand is appropriate.

ALJs must consider medical opinion evidence of record.  *Balotti v. Comm'r of Soc. Sec.*, 20-CV-8944 (RML), 2022 U.S. Dist. LEXIS 100728, at *8 (S.D.N.Y. June 6, 2022) (Lehrburger, Mag. J.) (citation omitted).  In so doing, ALJs must evaluate all acceptable medical opinions for their persuasiveness with no presumption that one opinion carries more weight than another.  20 C.F.R. § 404.1520c(a).  Federal regulations give prime importance to two factors: supportability and consistency.  20 C.F.R. § 416.920(c).  Supportability refers to the extent to which a medical source opinion is supported by objective medical evidence and the medical source's explanations.  20 C.F.R. § 404.152c(c)(1).  Consistency relates to the extent to which a medical source's opinion is consistent with other medical or non-medical sources.  20 C.F.R. § 404.1520c(c)(2).

Because consistency and supportability are the two most important factors to be considered, the ALJ must "explain," in all cases, "how [he or she] considered" both factors. *White v. Comm'r of Soc. Sec.*, No. 20 Civ. 6222 (SLC), 2022 U.S. Dist. LEXIS 59095, at *13-14 (S.D.N.Y. Mar. 30, 2022) (Cave, Mag. J.) (citing cases).  Remand is required when the ALJ fails adequately to "explain the supportability or consistency factors,' or bases [his or her] explanation

upon a misreading of the record." *Rivera v. Comm'r of the SSA*, No. 19-CV-4630 (LJL) (BCM),

2020 U.S. Dist. LEXIS 245361, at *42 (S.D.N.Y. Dec. 30, 2020) (Moses, Mag. J.).

Here, the ALJ's analysis of the supportability of the opinions of Dr. Gaztanaga, Ms.

York, and Mr. Guy—all three of whom determined Plaintiff's mental state rendered him unable

to work—fell short of what the regulations require.  In rejecting their opinions, the ALJ

determined the record did not support the stated conclusions.  But this analysis failed to properly

evaluate the evidence each treating professional used to support and reach their opinions.  *See*

*Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502, 2021 WL 363682, at *14 (S.D.N.Y. Jan. 29,

2021) (Parker, Mag. J.), *R&R adopted*, 2022 WL 717612 (S.D.N.Y. Mar. 1, 2022) (Wood, J.)

("Nowhere in the ALJ's decision does she explain . . . what the respective [professionals] used to

support their opinions and reach their ultimate conclusions.").  To the extent the ALJ based her

analysis upon the "conservative[ness] . . . of [Plaintiff's] medical treatment," Tr. 31, such

analysis is improper because it amounts to the ALJ imposing her view "that the severity of a

physical impairment directly correlates with the intrusiveness of the medical treatment ordered."

*Burgess v. Astrue*, 437 F.3d 117, 129 (2d Cir. 2008).  The ALJ also failed to address the

consistency or lack of consistency of these opinions with the other opinions in the record.  This

type of selective and conclusory analysis is improper and also requires remand.  *See Cruz v.*

*Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004) (Berman, J.) (explaining an ALJ cannot

"pick and choose evidence in the record that [only] supports [her] conclusions"); *Cummings v.*

*Comm'r of Soc. Sec.*, No. 19-CV-2071 (KAM), 2020 U.S. Dist. LEXIS 130238, at *30

(E.D.N.Y. July 23, 2020) (Matsumoto, J.) (an ALJ may not "cherry-pick[] parts of the medical

evidence that supported her conclusion, while overlooking the parts of the evidence that

contradicted her findings.").

The Commissioner further argues the scope of remand should be limited to further administrative proceedings rather than require a finding of disability.  Mot. at 1.  The Court agrees.  In general, a remand for a finding of disability is "appropriate only when the application of the correct legal standard could lead to but one conclusion."  *Gonzalez v. Astrue*, No. 04-CV-3437 (JG), 2008 U.S. Dist. LEXIS 22414, at *26 (E.D.N.Y. Mar. 20, 2008) (Gleeson, J.) (citation omitted).  Here, the record as a whole does not conclusively indicate Plaintiff was disabled.  Indeed, although Dr. Gaztanaga, Ms. York, and Mr. Guy concluded Plaintiff could not work or would have difficulty working because of his mental state, other treating professionals did not make any such findings.  *See* Tr. 311-12, 366-67.  Both Dr. Evangelista and Dr. Ravi, for instance, concluded Plaintiff had no discernable physical limitations, and Dr. Ravi determined Plaintiff had normal neurological functioning.  In addition, Dr. Miller reported Plaintiff had intact memory and cognitive functioning, insight, and judgment and concluded that his drinking problem—not his depression or anxiety—was primarily responsible for his inability to find and maintain a job.  Because there is evidence on the record that indicates a reasonable factfinder could conclude Plaintiff was not disabled, the Court thus finds that a remand for a finding of disability is not an appropriate remedy.  *See Box v. Colvin*, 3 F. Supp. 3d 27, 49 (E.D.N.Y. 2014) (Spatt, J.) (remand is not appropriate where the Court cannot conclude on the record "that there is persuasive proof of disability") (citation and quotation marks omitted).

## CONCLUSION

For the reasons above, the Court grants the Commissioner's motion and reverses and remands the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Memorandum and Order.  The Clerk of Court is

respectfully directed to mail a copy of this Memorandum and Order to Plaintiff, enter judgment, and close this case.

**SO ORDERED.**

**s/ WFK**

_____

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2022

      Brooklyn, New York